UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 16-0092 AG (RAO) | Date: | February 1, 2016 |
| Title: | Nicardo Cortez Bernal v. Stu Sherman, et al. | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Gay Roberson | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendant(s): |
|---|---|
| n/a | n/a |

**Proceedings:** ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED BECAUSE IT CONTAINS UNEXHAUSTED CLAIMS

 On December 28, 2015, Nicardo Cortez Bernal ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") pursuant to 28 U.S.C. § 2254, in the Southern District of California.  The matter was subsequently transferred to the Central District of California on January 5, 2016.  After reviewing the Petition, the Court has determined that the Petition is subject to dismissal because Petitioner admits that two of his three claims are unexhausted.  (*See* Petition at 20, 26.)

 Petitioner is reminded that a state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2245(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights.  *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam).  A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim.  *O'Sullivan*, 526 U.S. at 845.  He must present his claims to the highest state court with jurisdiction to consider it or demonstrate that no state remedy remains available.  *See Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).  The inclusion of unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice.  *See Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.:   CV 16-0092 AG (RAO)                                Date:   February 1, 2016
Title:          Nicardo Cortez Bernal v. Stu Sherman, et al.

Here, Petitioner admits that Grounds Two and Three of the Petition are unexhausted because they were never raised before the California Supreme Court. (*See* Petition at 20, 26.) Accordingly, the Petition is subject to dismissal and Petitioner has four available options:

**Option 1**: Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

**Option 2**: Petitioner may request a voluntary dismissal of his unexhausted claims and elect to proceed only on his exhausted claims. However, Petitioner is advised that if he elects to proceed with his exhausted claims, any future habeas petition containing his unexhausted claims or other claims which could have been raised in the instant Petition may be rejected as successive.

**Option 3**: Pursuant to *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the Court is empowered to stay the claims in a "mixed" petition while Petitioner returns to the state courts to exhaust his already pled, but unexhausted claims. *See Rhines*, 544 U.S. at 277-78. To obtain a stay pursuant to *Rhines*, Petitioner is required to make a showing of good cause for his failure to have exhausted all of his claims in state court and that the claims are not "plainly meritless." *See id.*

**Option 4**: Pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), Petitioner would have to dismiss any unexhausted claims, but the Court would be empowered to stay his remaining fully exhausted claims while he returned to the state courts to exhaust his dismissed claims. *See Kelly*, 315 F.3d at 1070-71. Petitioner is warned, however, that "[a] petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely . . . [a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles." *King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Additionally, Petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claim shares a "common core of operative facts" with the claims in the pending petition. *Mayle v. Felix*, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005).

**The Court ORDERS Petitioner to file a response, within 21 days of the date of this Order, specifically stating which of the four options he wishes to pursue.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.: CV 16-0092 AG (RAO)                           Date: February 1, 2016
Title: Nicardo Cortez Bernal v. Stu Sherman, et al.

    **If Petitioner selects Option One or Option Two, Petitioner may use the attached Notice of Dismissal form and fill it out according to his choice.**

    **If Petitioner selects Option Three and/or Option Four, Petitioner must file a declaration, signed under penalty of perjury, selecting a stay pursuant to either *Rhines* or *Kelly*. If Petitioner wishes to obtain a stay pursuant to *Rhines*, he must also set forth good cause for his failure to have exhausted his claims and that the claims are not plainly meritless.**

IT IS SO ORDERED.

                                                                                                            :

Attachment                                                                                                   gr
    Notice of Dismissal Form

                                                                                            Initials of Preparer